**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: AARON BLISS, DEBTOR
                                         CASE NO. 26-11130-djb
                                         Chapter 7

WALTER F. GOLAS and DAWN M. GOLAS, Creditors/Plaintiffs

v.

AARON BLISS, Debtor/Defendant

**COMPLAINT OBJECTING TO DISCHARGE**

Plaintiffs, Walter F. Golas and Dawn M. Golas, by and through their undersigned counsel, file this Complaint against the Debtor/Defendant, Aaron Bliss, and state as follows:

PART 1: JURISDICTION AND VENUE

Section A: Jurisdictional Statement

1.     This Honorable Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I) and (J).

3.     Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

Section B: Parties

4.     Plaintiffs reside at 3423 Theresa Street, Norristown, PA 19403, are creditors of the Debtor/Defendant, and have standing to object to discharge pursuant to 11 U.S.C. §727(c)(1).

5.     Defendant resides at 105 Patton Terrace, Sanatoga, PA 19464, and is the Debtor in the above-captioned bankruptcy case.

PART 2: PROCEDURAL BACKGROUND

Section A: Bankruptcy Case Information

1

6.      On March 19, 2026, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

7.      The meeting of creditors pursuant to 11 U.S.C. §341(a) was first scheduled for April 23, 2026.

8.      This Complaint is timely filed within sixty (60) days of the first scheduled meeting of creditors, as required by Federal Rule of Bankruptcy Procedure 4004(a).

Section B: Pre-Petition Relationship

9.      Plaintiffs' claim against the Debtor arose from a Judgment of the Court of Common Pleas of Montgomery County, PA entered March 2, 2026, as amended March 9, 2026.

10.     The amount of Plaintiffs' claim is $199,724.92.

PART 3: TYPE OF OBJECTION

Section 523(a)(6) – Debt for willful and malicious injury.

PART 4: FACTUAL ALLEGATIONS

Section A: Background Facts

11.     On or about January 22, 2018, Plaintiffs and Debtor entered into a Pennsylvania Residential Rent-to-Own Agreement (the "Agreement") under which they leased their pristine long-time family home at 3423 Theresa Street, Norristown, PA 19403 (the "Premises") to Debtor. The Agreement is attached as Exhibit "A."

12.     The Agreement had a five-year term beginning February 1, 2018, and ending January 31, 2023, and provided for Debtor to pay a monthly rent; pay utilities; maintain the Premises; receive a credit toward purchase of the Premises for each timely payment of rent; and have an option at expiration of the Agreement to purchase the Premises at a price fixed at the beginning of the term without adjustment for inflation.

13.     Plaintiffs also extended the courtesy of giving Debtor many pieces of furniture, a large functioning hot tub, curtains, and other items.

14.     Debtor inspected the Premises carefully before moving in and acknowledged its clean, safe, immaculate condition.

15.     At the end of the term, Debtor did not exercise his option to purchase the Premises.

16.     Upon entering the Premises as Debtor was about to vacate same, Plaintiffs discovered destruction, damage, rat and other infestations, disrepair, mold, and ruin of such an astonishing and complete extent as to make the Premises uninhabitable, unsanitary, and unsafe.

17.     Far beyond mere deplorable housekeeping, Debtor's wanton destruction and damage to the Premises touched every room, every system (electric, HVAC, plumbing, heat, etc.), every wall, every fixture (oven, dishwasher, refrigerator, garbage disposal, etc.), every rug, every window, every railing inside and outside, the yard, and the shed.

18.     An incomplete listing of Debtor's destruction, soiling, and ruination of the Premises rat carcasses in the walls, attic, insulation, and hallways; numerous holes gnawed by rats in walls and moldings throughout the Premises; broken doors, railings, and other woodwork throughout the Premises; broken windows; ubiquitous rat droppings throughout the Premises and the stench of rat urine that permeated the cabinets, flooring, rafters, walls, and pipes; vile refuse and debris that accumulated in and destroyed the hot tub; trash, debris, and refuse inside and outside the Premises; destruction of the outside deck; the existence of an unabated toilet leak for such length of time that the floor beneath was destroyed; mold growing and expanding throughout the Premises; digging deep, long tire tracks throughout the grounds of the Premises; melted plastic in the oven so as to coat the complete oven interior with toxic plastic; rats' nest in and below the dishwasher and wires chewed by the rats; rats' nest in ductwork and chewed holes in every duct;

removed doors that were discarded outside; contorted storm doors that no longer fit frames; broken kitchen cabinets; destroyed curtains and other hanging items; destroyed chandeliers and light fixtures; ripped rugs, large oil stains in rugs; a hacked bed frame and other items presumably with the sword found on the floor after Debtor's departure; and otherwise damages and loathsome conditions rendering the Premises uninhabitable.

19.     It bears repeating that no area of the Premises escaped Debtor's wanton, willful and intentional destruction and damage.

20.     Plaintiffs took photographs of their pristine, double lot family home before entrusting the Premises to Debtor. The pre-Agreement photographs are attached as Exhibit "B."

21.     Plaintiffs took photographs of Debtor's destruction of the Premises. Photographs of Debtor's wanton, willful and intentional destruction of the Premises are attached as Exhibit "C."

22.     For more than six months after Debtor abandoned the Premises, Plaintiffs labored to eradicate the rat stench and other infestations; removed and sanitized rat droppings, urine, mold, and other unsafe and unhealthy accumulations; removed trash, broken windows, broken railings, broken toilets, broken plumbing, broken ducts, soiled rugs, broken furniture, and other items from inside and outside the Premises; replaced broken and destroyed or discarded doors, railings, woodwork, windows, coverings, plumbing, fixtures, sinks, toilets, the hot tub, HVAC pipes, ducts, insulation, and other items and parts of the Premises; and repaired rat holes, damaged interior and exterior walls, the deck, the lawn, driveway, fences, plantings, and every other damaged part of the Premises that did not require complete replacement.

23.     In addition to working full-time for more than half a year to repair the Premises and make it safe for human habitation, Plaintiffs spent extraordinary sums on materials, parts, fixtures, windows, plants, dumpsters, and diverse parts of the Premises.

4

24.    Plaintiffs took photographs of the demolition, repairs, renovations, and replacements they performed on the Premises. Photographs of Plaintiffs' work on the Premises are attached as Exhibit "D."

25.    After Debtor departed the Premises, Plaintiffs received mail at the Premises for fifteen (15) persons who presumably resided in the Premises with Debtor. A list of persons for whom mail was delivered after Debtor departed is attached as Exhibit "E."

26.    Plaintiffs brought suit against Debtor by Complaint filed July 26, 2023, alleging inter alia "reckless, wanton, malicious, and intentional" damage by Debtor to the Premises over the five-year term of the Agreement.  The Complaint is attached as Exhibit "F."

27.    Plaintiffs sought actual and punitive damages.

28.    Debtor filed Preliminary Objections seeking dismissal of the punitive damages and were denied.

29.    Before trial, Debtor filed Motions in Limine challenging Plaintiffs' calculation of damages and dismissal of Plaintiffs' tort and punitive damages claims; both Motions were denied.

30.    After a bench trial in which Debtor testified and was represented by legal counsel, the Court of Common Pleas of Montgomery County awarded the amount of Plaintiff's claim set forth above. The Order awarding damages is attached as Exhibit "G."

Section B: Specific Allegations Supporting Discharge Objection

SECTION 523(a)(6) WILLFUL AND MALICIOUS INJURY

31.    The Debtor caused willful and malicious injury to the Premises owned by Plaintiffs. See paragraphs 1 through 30 and associated Exhibits.

5

32.    The injury was willful because the Debtor intended the acts, intended to cause injury, and knew injury was certain to result from his actions. See, e.g., In re Sintobin, 253 B.R. 826 (N.D. Ohio 2000).

33.    Debtor's actions were willful and malicious as they had "an objective substantial certainty of [extraordinary] harm." See Matter of Miller, 156 F.3d 598, 606 (5th Cir. 1998).

34.    Debtor's actions demonstrated a "complete apathy over what occurred to Plaintiff[s'] house" and far exceeded deplorable housekeeping. See In re Lazzara, 287 B.R. 714, 724-25 (N.D. Ill. 2002).

35.    Debtor's destruction of the Premises was malicious as Debtor's actions were wrongful and without cause or excuse, committed with full knowledge of the harmful consequences of his actions, and done with conscious disregard for the rights and property of Plaintiffs.

36.    Plaintiffs' uncontested photographs evidence Debtor's wanton, complete, willful, malicious, and intentional destruction of the Premises.

PART 5: DAMAGES AND RELIEF REQUESTED

37.    As a result of Debtor's actions, Plaintiffs have incurred damages of $199,724.92 (despite the amount of $181,275.00 being acknowledged by Debtor in items 4.2 and 4.8 of the Official Form 106E/F Debtor filed in his bankruptcy case).

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment declaring Plaintiffs' debt in the amount of $199,724.92 nondischargeable under §523(a)(6), award Plaintiffs' reasonable attorney's fees and costs of this action, and grant such other and further relief as the Court deems just and proper.

6

RESPECTFULLY SUBMITTED,

_____

WALTER F. GOLAS, CREDITOR

_____

DAWN M. GOLAS, CREDITOR

By: _____

JOSEPH J. BALDASSARI, ESQ.

Attorney for Plaintiffs

## Verification Under Penalty of Perjury

I, Walter F. Golas, being duly sworn, state:

1. I am one of the Plaintiffs in this action.
2. I have read the foregoing Complaint and know the contents thereof.
3. The factual allegations contained herein are true and correct to the best of my knowledge, information, and belief.
4. This Complaint is not filed for any improper purpose such as harassment or delay.

Signature _Walter F. Golas_                                    Date: June 17th, 2026

Walter F. Golas

SUBSCRIBED AND SWORN to before me this 17 day of June, 2026.

Notary Public

My Commission Expires: 09-11-27

Commonwealth of Pennsylvania - Notary Seal
Hannah O Wene, Notary Public
Montgomery County
My commission expires September 11, 2027
Commission number 1334351

8

## Verification Under Penalty of Perjury

I, Dawn M. Golas, being duly sworn, state:

1. I am one of the Plaintiffs in this action.
2. I have read the foregoing Complaint and know the contents thereof.
3. The factual allegations contained herein are true and correct to the best of my knowledge, information, and belief.
4. This Complaint is not filed for any improper purpose such as harassment or delay.

Signature: _____    Date: June /7, 2026
Dawn M. Golas

SUBSCRIBED AND SWORN to before me this 17 day of June, 2026.

_____
Notary Public

My Commission Expires: 09-11-27

Commonwealth of Pennsylvania - Notary Seal
Hannah O Wene, Notary Public
Montgomery County
My commission expires September 11, 2027
Commission number 1334351

9

## CERTIFICATE OF SERVICE

This is to certify that I, Joseph J. Baldassari, Esquire, counsel for Walter F. Golas and Dawn M. Golas, Plaintiffs in the above-styled and numbered adversary proceeding, have this date served a true and correct copy of the above and foregoing Complaint by First Class United States Mail, postage fully prepaid, to the following counsel of record for Defendant:

Robert Edward Angst, Esquire
Angst & Angst, P.C.
878 Main Street
Harleysville, PA 19438

This is the ___18th___ day of June, 2026.

Respectfully submitted,

Joseph J. Baldassari, Esquire
ID No. 46540
Attorney for Plaintiffs